**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899
E-mail: abiri@cd-lawyers.com

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elena Nacarino, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>   v.<br><br>RB Health (US) LLC,<br><br>    Defendant. | CASE NO.: 3:22-cv-04721<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elena Nacarino ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against RB Health (US) LLC ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## INTRODUCTION

1.      This case action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its Cepacol Extra Strength Sore Throat Honey Lemon Lozenges (the "Product").

2.      The front label of the Product – which is a cough drop meant to soothe the throat – leads reasonable consumers to believe the Product contains honey and lemon. Specifically, the words "Honey Lemon" appear on the Product's front label without any qualification, as well as an image of a honey dipper with honey oozing down from the dipper, alongside a cut lemon wedge.

3.      Unbeknownst to consumers however, the Product does not contain honey or lemon.

4.      Plaintiff and other consumers purchased the Product and paid a premium price based upon their reliance on Defendant's front label representations about honey and lemon. Had Plaintiff and other consumers been aware that the Product does not contain honey or lemon, they would not have purchased the Product or would have paid significantly less for it. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Classes, including Plaintiff.

6.      This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the goods and products in California and to California consumers.

7.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and she purchased the Product in this District during the statute of limitations period.

## PLAINTIFF

8.      Plaintiff is a citizen of California and currently resides in San Francisco, California. Between December 2021 and January 2022, Plaintiff purchased the Product from a Target in Daly City, California. Based on the below depicted representations about honey and lemon on the front label of the Product (see paragraph 15), Plaintiff reasonably believed that the Product contained honey and lemon. Moreover, she did not see any statement or other information on the label indicating that the Product did not contain honey and lemon. Had she known that the Product did not contain honey and lemon, she would not have purchased it, or would have paid significantly less for it.

9.      Despite Defendant's misrepresentations, Plaintiff would purchase the Product, as advertised, if it actually contained honey and lemon. Although Plaintiff regularly shops at stores that carry the Product, absent an injunction of Defendant's deceptive advertising, she will be unable to rely with confidence on Defendant's advertising of the Product in the future. Furthermore, while Plaintiff currently believes the Product's labeling is inaccurate, she lacks personal knowledge as to Defendant's specific business practices, and thus, she will not be able determine whether the Product truly contains lemon and honey. This leaves doubt in her mind as to the possibility that at some point in the future the Product could be made in accordance with the representations on the Product's front label. This uncertainty, coupled with her desire to purchase the Product, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Product, reasonably but incorrectly, believing that it contains lemon and honey.

CLASS ACTION COMPLAINT

**DEFENDANT**

10.     Defendant is a New Jersey corporation with its principal place of business in Parsippany, New Jersey. Defendant is a multinational corporation, and one of the largest producers of nutritional and medicinal products, like the Product challenged in this Complaint.

**FACTUAL ALLEGATIONS**

11.     Defendant is responsible for the manufacturing, marketing, labeling, advertising, and sale of personal care, nutritional, and medicinal products, including the Product at issue here.

12.     The Product is part of Defendant's Cepacol line of lozenges, marketed as a remedy for sore throats and as the #1 Doctor Recommended brand of lozenges.

13.     Unfortunately for consumers, Defendant engages false and misleading advertising about the Product to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

14.     Specifically, the principal display panel of the Product features representations that lead reasonable consumers to believe that the Product contains honey and lemon, when in fact, it contains neither.

15.     First, the words "Honey Lemon" appear in large, bold font on the front label of the Product. Immediately above that phrase, Defendant has placed an image of a honey dipper with honey oozing down from the dipper, alongside a cut lemon wedge. Lastly, the lozenges are intentionally colored a golden honey brown color to make them appear as if they contain honey. *See below.*

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16     16.     Based on the foregoing representations, reasonable consumers purchase the Product

17  with the expectation that the Product contains both honey and lemon.

18     17.     However, unbeknownst to consumers, ***the Product does not contain any honey or***

19  ***lemon***.

20     18.     Instead, the Product appears to be, at most, honey and lemon ***flavored***. However,

21  unlike competitor products, nowhere on the front of the label does Defendant inform consumers

22  that the Product is only flavored to taste like honey and lemon. As such, consumers cannot

23  reasonably know or expect that the Product does not contain honey or lemon.

24     19.     Moreover, consumers reasonably expect honey and lemon in the lozenges in part

25  because other lemon/honey lozenges ***actually contain both ingredients***. For example, Zand

26
27
28

CLASS ACTION COMPLAINT

Immunity's Lemon Honey lozenges contain both honey and lemon.[1] Another example is Luden's Honey Lemon throat drops, which contain both honey and lemon.[2] Ricola Honey Lemon Echinacea lozenges contain both honey and lemon.[3] Lastly, Trader Joe's Honey Lemon cough drops also contain both honey and lemon.[4]

20.     The reasonable belief that the Product contains honey and lemon was a significant factor in Plaintiff and other class members' decisions to purchase the Product. It is well known that consumers value honey as a ***natural*** therapeutic ingredient, especially for its ability to help soothe and coat a sore throat.[5]  This is because honey has significant amounts of nutrients such as vitamins, minerals, enzymes, and antioxidants. Lemon is also a natural ingredient helpful for sore throats. As the University of Pennsylvania's medical school explains, "[s]imilar to [] honey, lemons are great for sore throats because they can help break mucus and provide pain relief."[6] Lemons also contain a significant amount of Vitamin C, which can help boost immunity and fight infection.[7] For these reasons, consumers would rightfully expect the Product to contain both ingredients, not highly processed flavors.

21.     Because the Product does not contain honey and lemon, it is falsely and deceptively advertised, in violation of the laws set forth below.

---

[1] https://www.zandimmunity.com/products/herbalozenge-lemon-honey?variant=34074485424266&currency=USD&utm_medium=product_sync&utm_source=google&utm_content=sag_organic&utm_campaign=sag_organic&gclid=Cj0KCQjwuO6WBhDLAR IsAIdeyDIG1EZayKEChVR9MtLftciJaopQ1q71B_DqUCd6D38-cxZVmVGXTo4aAnB2EALw_wcB

[2] https://www.ludens.com/sore-throat-remedies/honey-lemon#ingredients

[3] https://www.ricola.com/en-us/products/assortment/all-products/honey-lemon-with-echinacea

[4] https://dailymed.nlm.nih.gov/dailymed/fda/fdaDrugXsl.cfm?setid=647dadae-f37a-8399-e053-2991aa0aedb3

[5] https://health.clevelandclinic.org/sore-throat-remedies-that-actually-work/ ("Honey coats your throat and soothes it by reducing irritation."); https://www.health.harvard.edu/staying-healthy/got-a-cold-try-some-honey

[6] https://www.pennmedicine.org/updates/blogs/health-and-wellness/2018/february/sore-throat#:~:text=Similar%20to%20salt%20water%20and,to%20fight%20off%20your%20infection

[7] https://www.medicinenet.com/home_remedies_for_sore_throat/article.htm

-5-

22.    Moreover, although Plaintiff does not assert a cause of action under federal regulations promulgated by the FDA, Defendant's conduct is in direct violation of federal regulations, which in turn serves as a predicate violation of California's Unfair Competition Law (*see* Paragraph 56). Specifically, 21 C.F.R. § 201.10(c)(4), which governs the labeling of ingredients here, states that "the labeling of a drug may be misleading by reason (among other reasons) of: . . . [t]he featuring in the labeling of inert or inactive ingredients in a manner that creates an impression of value greater than their true functional role in the formulation." Here, the labeling of the Product features numerous references to honey and lemon in a manner which makes consumers believe the two ingredients are present in the Product and have a therapeutic and functional role in the throat soothing lozenges. In reality, the Product does not contain honey or lemon, let alone an amount which would aid in the therapeutic nature of the Product. As such, the Product is mislabeled under the federal regulation.

23.    As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Product, Defendant knew or should have known that the Product falsely and deceptively represents that it contains lemon and honey.

24.    Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Product, would rely on Defendant's front label representations about honey and lemon. Nonetheless, Defendant deceptively advertises the Product in order to deceive consumers and gain an unfair advantage in the market.

25.    Consumers are willing to pay more for the Product based on the belief that the Product contains honey and lemon, as promised on the front label. Plaintiff and other consumers would have paid significantly less for the Product, or would not have purchased it at all, had they known that the truth about it. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

26.    Therefore, Plaintiff and other consumers purchasing the Product have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

CLASS ACTION COMPLAINT

## **CLASS ACTION ALLEGATIONS**

27.     Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

### **California Class**

All residents of California who purchased the Product within the applicable statute of limitation ("California Class").

### **California Consumer Subclass**

All residents of California who purchased the Product for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the California Class, the "Classes").

28.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

30.     Plaintiff is a member of all the Classes.

31.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely are at least thousands of Class members.

32.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

        a.   whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b.  whether reasonable consumers would rely upon Defendant's representations about the Product and reasonably believe the Product contains honey and lemon;

c.  whether Defendant knew or should have known its representations were false or misleading;

d.  whether Defendant was unjustly enriched by retaining monies from the sale of the Product;

e.  whether certification of each Class is appropriate under Rule 23;

f.  whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

33.  **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Product. Plaintiff and members of the Classes relied on the representations made by the Defendant about the Product prior to purchasing the Product. Plaintiff and the members of each Class paid for Defendant's Product and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

34.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

35.  **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no

1  inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's

2  misconduct detailed at length in this Complaint.

3      36.    **Superiority:** A class action is superior to all other available methods for the fair

4  and efficient adjudication of this litigation because individual litigation of each claim is

5  impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands

6  of individual claims in separate lawsuits, every one of which would present the issues presented in

7  the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member

8  may be relatively modest in relation to the cost of litigation, the expense and burden of individual

9  litigation make it difficult, if not impossible. Furthermore, many of the Class members may be

10  unaware that claims exist against the Defendant.

11      37.    **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and

12  injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds

13  generally applicable to Plaintiff and the other Class members, thereby making appropriate final

14  injunctive relief and declaratory relief, as described below, with respect to the Class members as a

15  whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market,

16  promote, and sell the Product in an unlawful and misleading manner, as described throughout this

17  Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights

18  under the law.

19  

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**

20  **California Civil Code § 1750, *et seq.***
***(For the California Consumer Subclass)***

21  

22      38.    Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set

23  forth herein.

24      39.    Plaintiff brings this claim individually and on behalf of the members of the

25  proposed California Consumer Subclass against Defendant pursuant to California's Consumers

26  Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

27

28

-9-

40.     The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

41.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By using representations about honey and lemon on the front label of the Product, Defendant has represented and continues to represent that the Product has characteristics and ingredients (i.e., contains lemon and honey) that it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

42.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using representations about honey and lemon on the front label of the Product, Defendant has represented and continues to represent that the Product is of a particular standard (i.e., contains lemon and honey) that it does not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

43.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using representations about honey and lemon on the front label of the Product and not delivering a Product with honey and lemon, Defendant has advertised the Product with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

44.     At all relevant times, Defendant has known or reasonably should have known that the representations about honey and lemon on the front label of the Product are false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Product's representations about honey and lemon when purchasing the Product. Nonetheless, Defendant deceptively advertises the Product as such in order to deceive consumers into believing they are receiving honey and lemon.

45.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Product. Moreover, based on the

materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

46.    Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Product, or would not have purchased it at all, had they known that the Product does not contain honey and lemon.

47.    Under Cal. Civ. Code § 1780(a), Plaintiff and Class members currently seek injunctive relief only for Defendant's violations of the CLRA. On August 15, 2022, Plaintiff sent a notice letter by certified mail to Defendant, notifying Defendant of her intent to pursue a claim for damages under the CLRA on behalf of all others similarly situated, and gave Defendant an opportunity to cure, consistent with Cal. Civ. Code § 1782. If Defendant does not cure the violations within 30 days of receipt, Plaintiff will amend the Complaint to seek damages under the CLRA as well.

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500, *et seq*
### (*For the California Class*)

48.    Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

49.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

50.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

51.    Defendant has represented and continues to represent to the public, including

-11-

1   Plaintiff and members of the proposed California Class, through its deceptive labeling, that the

2   Product contains honey and lemon. Because Defendant has disseminated misleading information

3   regarding the Product, and Defendant knows, knew, or should have known through the exercise of

4   reasonable care that the representations were and continue to be misleading, Defendant has

5   violated the FAL.

6        52.    As a result of Defendant's false advertising, Defendant has and continues to

7   unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore

8   requests that the Court cause Defendant to restore this fraudulently obtained money to her and

9   members of the proposed California Class, to disgorge the profits Defendant made on these

10   transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in

11   the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class

12   may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200,** *et seq.*
(*For the California Class*)

16        53.    Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set

17   forth herein.

18        54.    Plaintiff brings this claim individually and on behalf of the members of the

19   proposed California Class against Defendant.

20        55.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair

21   competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,

22   deceptive, untrue or misleading advertising . . . ."

23        56.    Under the UCL, a business act or practice is "unlawful" if it violates any

24   established state or federal law. Defendant's false and misleading advertising of the Product was

25   and continues to be "unlawful" because it violates the CLRA, the FAL, 21 C.F.R. § 201.10(c)(4),

26   and other applicable laws as described herein. As a result of Defendant's unlawful business acts

27   and practices, Defendant has unlawfully obtained money from Plaintiff and members of the

28   proposed California Class.

57.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the labeling. Deceiving consumers into believing they will receive a cough drop containing honey and lemon, particularly when those are ingredients known to be therapeutic for a sore throat, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

58.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Product contains honey and lemon when it does not. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

59.     Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(*For the California Class*)

60.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

61.    Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

62.    California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

63.    Defendant has expressly warranted on the Product's front packaging that the Product contains honey and lemon. However, as alleged herein, these express representations are false and misleading. The Product does not contain honey and lemon.

64.     Defendant's representations about honey and lemon on the Products' front labels are: (a) affirmations of fact or promises made by Defendant to consumers that the Product contains honey and lemon; (b) became part of the basis of the bargain to purchase the Product when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Product would conform to the affirmations of fact or promises. In the alternative, the representations about the Product are descriptions of goods which were made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the product descriptions.

65.    Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Product did in fact conform to those warranties.

66.    Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Product with honey and lemon as promised on the Product's front label.

67.    Plaintiff and members of the California Class paid a premium price for the Product but did not obtain the full value of the Product as represented. If Plaintiff and members of the California Class had known of the true nature of the Product, they would not have been willing to

-14-

pay the premium price associated with it. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

68.     On or around August 2022, Plaintiff discovered that Defendant breached its express warranty, and on August 15, 2022, Plaintiff sent a notice letter by certified mail to Defendant, notifying Defendant of the breach.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
(***For the California Class***)

69.     Plaintiff repeat the allegations contained in paragraphs 1-37 above as if fully set forth herein.

70.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

71.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

72.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

73.     Defendant is a merchant with respect to the sale of Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

74.     By advertising the Product with representations about honey and lemon on the Products' front label, Defendant made an implied promise that the Product contains both ingredients. However, the Product has not "conformed to the promises…made on the container or label" because the Product does not contain honey and lemon. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Product is not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Product.

75.     If Plaintiff and members of the California Class had known that the Product's

honey and lemon representations were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

76.     On or around August 2022, Plaintiff discovered that Defendant breached its implied warranty, and on August 15, 2022, Plaintiff sent a notice letter by certified mail to Defendant, notifying Defendant of the breach.

### SIXTH CLAIM FOR RELIEF
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

77.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

78.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

79.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Product. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits (i.e., honey and lemon) promised by Defendant through the Products' representations. Plaintiff and members of the proposed Classes have therefore been induced by Defendant's misleading and deceptive representations about the Product, and paid more money to Defendant for the Product than they otherwise would and/or should have paid.

80.     Plaintiff and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed Classes

81.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Classes—i.e., Plaintiff and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

82.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F.     An award of nominal, punitive, and statutory damages;

H.     An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

I.     An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.     For such further relief that the Court may deem just and proper.

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: August 15, 2022                    **CUSTODIO & DUBEY, LLP**

                                          By:    /s/ Robert Abiri                   _

                                          Robert Abiri (SBN 238681)
                                          *E-mail: abiri@cd-lawyers.com*
                                          445 S. Figueroa Street, Suite 2520
                                          Los Angeles, CA 90071
                                          Telephone: (213) 593-9095
                                          Facsimile: (213) 785-2899

                                          *Attorney for Plaintiff and the*
                                          *Putative Classes*

-18-

CLASS ACTION COMPLAINT